1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FRANK LEE DEARWESTER,                    No.  2:15-cv-0443 DAD P

12                   Plaintiff,

13          v.                                ORDER

14   CDCR et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

21   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

2  1915(b)(2).

3                                       **SCREENING REQUIREMENT**

4           The court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

6  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

7  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

9  U.S.C. § 1915A(b)(1) & (2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

18  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

19  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

20  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21  However, in order to survive dismissal for failure to state a claim a complaint must contain more

22  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

23  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

24  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

25  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

26  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

27  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

28  /////

                                                    2

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### PLAINTIFF'S COMPLAINT

Plaintiff has identified as defendants the California Department of Corrections and Rehabilitation, Deuel Vocational Institution, Sergeant Peters, and DOES 1-25.  According to the complaint, when plaintiff transferred from Deuel Vocational Institution to California State Prison, Los Angeles and back to Deuel Vocational Institution, the defendants took possession of his property without returning it and/or incorrectly placed limits on the property he was allowed to transport with him, resulting in plaintiff losing his reading glasses, twenty-one novels, seven magazines, three jars of coffee, and one pair of Nike shower shoes.  Plaintiff claims that the actions of the defendants violated his right to due process.  In terms of relief, plaintiff requests the
/////

1  return of his property and any court fees he incurs in bringing this action.  (Compl. Attach. &

2  Exs.)

3                                          **DISCUSSION**

4          The allegations in plaintiff's complaint are so vague and conclusory that the court is

5  unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

6  complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

7  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

8  the defendants and must allege facts that support the elements of the claim plainly and succinctly.

9  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

10  with at least some degree of particularity overt acts which defendants engaged in that support his

11  claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

12  8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended

13  complaint.

14          If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how

15  the conditions complained of resulted in a deprivation of his federal constitutional or statutory

16  rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in

17  specific terms how each named defendant was involved in the deprivation of plaintiff's rights.

18  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

19  connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. 362; May

20  v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.  Vague and conclusory

21  allegations of official participation in civil rights violations are not sufficient.  Ivey, 673 F.2d at

22  268.

23          If plaintiff wishes to proceed on a claim for loss of his property, he is advised that the

24  United States Supreme Court has held that "an unauthorized intentional deprivation of property

25  by a state employee does not constitute a violation of the procedural requirements of the Due

26  Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss

27  is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a

28  meaningful postdeprivation remedy, only authorized, intentional deprivations constitute

                                                    4

1  actionable violations of the Due Process Clause.  An authorized deprivation is one carried out

2  pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d

3  1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th

4  Cir. 1987).  In his complaint, plaintiff has not alleged any facts suggesting that the taking of his

5  property was authorized.  The California Legislature has provided a remedy for tort claims

6  against public officials in California Government Code, §§ 900, et seq.  If plaintiff has not

7  attempted to seek redress in the state system, he will not be able to sue in federal court on the

8  claim that the state deprived him of property without due process of the law.

9          Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

10  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

11  complaint be complete in itself without reference to any prior pleading.  This is because, as a

12  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

13  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

14  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

15  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

16                                              **CONCLUSION**

17          Accordingly, IT IS HEREBY ORDERED that:

18          1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

19          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee

20  shall be collected and paid in accordance with this court's order to the Director of the California

21  Department of Corrections and Rehabilitation filed concurrently herewith.

22          3.  Plaintiff's complaint (Doc. No. 1) is dismissed.

23          4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

24  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

25  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

26  assigned to this case and must be labeled "Amended Complaint"; failure to file an amended

27  complaint in accordance with this order will result in dismissal of this action.

28  /////

1        5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil

2    rights action.

3    Dated:  March 24, 2015

4

5    _____
     DALE A. DROZD

6    UNITED STATES MAGISTRATE JUDGE
     DAD:9

7    dear0443.14a

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28