1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**
9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

11   FRANK LEE DEARWESTER,                    No.  2:15-CV-0443-KJM-DMC-P

12               Plaintiff,

13        v.                                  <u>ORDER</u>

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
15   REHABILITATION, et al.,

16               Defendants.

17

18        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

19   42 U.S.C. § 1983. Pending before the Court is plaintiff's first amended complaint (ECF No. 12).

20        The Court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

22   § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

27   means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d

28   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

                                              1

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

In this case, plaintiff names the following defendants: (1) California Department of Corrections and Rehabilitation; (2) California State Prison, Deuel Vocational Institution; (3) DOE Employees 01-25. See ECF No. 12.

In the process of plaintiff's transfer from Deuel Vocational Institution to California State Prison, Los Angeles County, an unidentified Transportation Officer deprived plaintiff of his property in violation of his due process rights. The Officer took plaintiff's reading glasses without returning them and disposed of twenty-one paperback books, seven magazines, three jars of Folgers instant coffee (8 oz. each), and one pair of Nike shower shoes. Although plaintiff signed inventory forms accounting for his missing property, he was required to sign the forms to recover his property before he could inspect the items. Plaintiff alleges he was coerced into signing the forms under a perceived threat of retaliation or loss of his property.

## II.  DISCUSSION

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).   A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782

1   (1978) (per curiam); <u>Hale v. Arizona</u>, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

2         Plaintiff fails to allege the identity of the Transportation Officer or any other state

3   official responsible for the loss of his property. The named defendants are all immune from suit

4   under the Eleventh Amendment because they are agencies of the State of California. Plaintiff will

5   be provided an opportunity to amend the complaint to allege additional facts and identify

6   responsible defendants.

7

8   **III.  CONCLUSION**

9         Because it is possible that the deficiencies identified in this order may be cured by

10   amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire

11   action.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

12   informed that, as a general rule, an amended complaint supersedes the prior complaint.  <u>See</u>

13   <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

14   amend, all claims alleged in the prior complaint which are not alleged in the amended complaint

15   are waived.  <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff

16   amends the complaint, the Court cannot refer to the prior pleading in order to make plaintiff's

17   amended complaint complete.  <u>See</u> Local Rule 220.  An amended complaint must be complete in

18   itself without reference to any prior pleading.  <u>See</u> <u>id.</u>

19         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

20   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

21   <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

22   each named defendant is involved, and must set forth some affirmative link or connection

23   between each defendant's actions and the claimed deprivation.  <u>See</u> <u>May v. Enomoto</u>, 633 F.2d

24   164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

25         Finally, plaintiff is warned that failure to file an amended complaint within the

26   time provided in this order may be grounds for dismissal of this action.  <u>See</u> <u>Ferdik</u>, 963 F.2d at

27   1260-61; <u>see also</u> Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

28   with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

1   <u>See</u> <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981).

2           Accordingly, IT IS HEREBY ORDERED that:

3           1.     Plaintiff's first amended complaint is dismissed with leave to amend; and

4           2.     Plaintiff shall file a second amended complaint within 30 days of the date

5   of service of this order.

6

7   Dated:  June 18, 2020

8   _____

9   DENNIS M. COTA
    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4